# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

LEMUEL COFFIN and Others, Appellants, *v.* WILLIAM H. HOLLISTER, as Assignee, etc., Respondent.

*Evidence — action to recover goods procured by false representations — when the falsity of representations made prior to the time of the sale may be proved.*

APPEAL from a judgment dismissing the complaint herein, entered upon an order made by the justice upon the trial of this action before a jury.

This action was brought to recover certain goods or their value sold to Toles & Pettit, assignors of the defendant, by the plaintiffs. The sale was alleged to have been procured by fraudulent representations, as to the credit of Toles & Pettit, which were made by them. The goods were sold and delivered about October 31, 1881, on a credit of sixty days, and have not been paid for. Toles & Pettit made an assignment for the benefit of creditors to the defendant, June 3, 1882. On the trial the plaintiffs were nonsuited.

The court at General Term, after overruling certain objections made by the appellants, said : " The plaintiffs offered to show that in March, 1880, and before the first sale, the firm of Toles & Pettit stated to plaintiffs that they were worth from $45,000 to $70,000, and made confirmatory statements down to the last sale, while in fact they were insolvent and the representations were untrue from the first. The court excluded the offer as an entirety, admitting evidence of anything which occurred at the time, and of contemporaneous actions, upon the ground that the pleading was not so constructed as to allow such a range of examination. The complaint alleged that plaintiffs were induced to make the sale of October 31, 1881, on the false and fraudulent representations of Toles & Pettit that they were abundantly able to pay for their purchases, etc., whereas

they were then insolvent. The complaint further averred that the goods in question at the time of the commencement of the action were the property of the plaintiffs and were wrongfully withheld by defendant after demand, and the action was brought to recover the goods. The issue in the action was whether the plaintiffs or the defendants owned the goods. This was not an action to recover damages against Toles & Pettit for fraud. The material allegations in the complaint, therefore, were that the plaintiffs owned the goods and that the defendant wrongfully withheld them from their possession, and the proof to maintain the former allegations consisted necessarily in showing that the apparent sale of the goods by the plaintiffs was void and passed no title to Toles & Pettit. If, for instance, Toles & Pettit bought without any intention of paying for the goods, and with a fraudulent design to obtain possession, then it might be held that they gained no title. Now, it seems to us that the allegations of fraudulent statements which are set forth in the complaint might be omitted, and yet a good cause of action would be set forth in the averments that the plaintiffs owned the goods and the defendant withheld possession. There, it would seem, that any proof tending to uphold the averment of plaintiffs' ownership was proper.

"Without citing many authorities it is enough to refer to *King* v. *Fitch* (2 Abb. Ct. App. Dec., 508; 1 Keyes, 432), where it is held that in the case of continuous dealing representations made by the buyer long previously may be proved, although the goods then purchased had been paid for, because representations made at any time may be held by the jury to have influenced the seller at subsequent sales. (See, also, *Zabriskie* v. *Smith*, 13 N. Y., 322; *Johnson* v. *Monell*, 2 Abb. Ct. App., 470; 2 Keyes, 655; *Hennequin* v. *Naylor*, 24 N. Y., 139.) Now, if from the first purchase, in March, 1880, Toles & Pettit were insolvent, and if their statements were from the first untrue, certainly there would be strong evidence that the last purchase was fraudulent; and we think that such evidence was admissible, although the plaintiffs had unnecessarily stated in their complaint the representations of Toles & Pettit, for it is to be observed that even the complaint does not allege that the fraudulent representations were made at the time of the last purchase, but only avers generally that such representations were made.

" We are of the opinion therefore that there must be a new trial, costs to abide the event."

*Benjamin H. Hall*, for the appellants.

*Nelson Davenport*, for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., and BOCKES, J.; BOARDMAN, J., not acting.

Judgment reversed, new trial granted, costs to abide event.